*TEETZMAN vs. CLAMAGERAN.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Every thing which is voluntarily sacrificed for the benefit of all concerned, is considered the subject of general, not particular average.

Masts hanging over the side of a vessel fall under the head of general average; but they only do so, for the value they had at the time they were cut away.

A freighter of goods is not bound to contribute his proportion of the price which the new masts cost, he is only responsible for his proportion of the value the masts had after they were broken by the storm, and at the time they were cut away.

·The brig Mississippi, on a voyage from Bordeaux to New-Orleans, encountered a gale of wind which broke both her masts, and while along side, attached by the rigging, they were cut away to save the ship, which afterwards put into Bilboa to refit. On her arrival in New-Orleans, a general average was made up, and this suit brought by the owner to compel the defendant, who had shipped on board a quantity of goods, to contribute his proportion of the loss amounting to $ 483 18. There was judgment for the plaintiff in the court below and the defendant appealed.

*Cannon*, for appellant, cited art. 1940 C. C.—Evans *et al. vs.* Gray *et al.* 12th Martin's Rep. p. 475.—Saul *vs.* his creditors, 5th Martin, N. S. p. 569.—Code de Commerce, art. 399, 403, 410, 397.—Le Noveaux Valin, pages 606, 607, 617, 619, 620, 626.—Partidas, titre 9, loi. 4, p. 754.

*Carleton* and *Lockett*, for appellee.

*Porter, J.* delivered the opinion of the court.

This action is brought to compel the defendant to contribute his share of a loss sustained by a vessel, of which the plaintiff was owner. The defendant was a shipper of goods on board the brig, at the time she received the injury. She was compelled to enter an intermediate port, in consequence of the damage sustained, and was there repaired.

The evidence shews that the brig, on her voyage from Bordeaux to New-Orleans, encountered a violent gale of wind, which broke her masts. After they were broken they hung for sometime overboard, and while in that situation, the captain cut the rigging which attached them to the vessel, and freed her.

There is some slight contradiction in the authorities, whether under these circumstances, masts and rigging, form a

subject of general average. The better, and more general opinion seems to be, that they do. Every thing which is voluntarily sacrificed for the benefit of all concerned, being considered the subject of general, not particular average.

The next enquiry in this case is, what was sacrificed? not sound masts certainly. For before they were cut away for the general safety, or even before a determination was taken to cut them away, they had been broken by the tempest. In the situation they were, at the time the rigging was cut, and they were got clear of, they would have been the subject of particular average. Any injury they sustained, previous to the time they were sacrificed for the general benefit, cannot be the subject of contribution, for that injury was not voluntarily incurred for the benefit of all. Compensation should be made to the amount of the loss sustained, and that amount was their value at the time they were separated from the vessel. One of the English writers (Stevens,) assigns for reason, why masts hanging over the sides of a vessel are not a subject for general average, that the situation in which they are placed, renders them of *no* value. *Phillips* says they are, or may be of *some* value, and that to the extent of that value they are a matter for contribution. *Bouley Paty,* in recognising the rule, that they properly fall under the head of *avarie grosse*, states, but they only do so, for the value they had at the time they were cut away. This appears to us the good sense of the matter, for it is quite unjust to make the freighters contribute for the full value of masts, which were already rendered scarcely of any, by an accident, or force, for which they were not responsible.—*Bouley Paty, tit* 12, *sec.* 2, *vo.* 4, 446. *Stevens on average, p.* 1, *ch.* 1, 31, *a* 5. *Emergon, vol.* 1. *ch.* 12, *sec.* 41, *p.* 622. *Phillips, on Ins.* 333.

The average has been settled in this case on the ground that the defendant was bound to contribute his proportion of the price which the new masts cost in the port where the

Eastern District,
*February* 1831

TEETZMAN
*vs.*
CLAMAGERAN.

Every thing which is voluntarily sacrificed for the benefit of all concerned, is considered the subject of general not particular average.

Masts hanging over the side of a vessel fall under the head of general average, but they only do so, for the value they had at the time they were cut away.

A freighter of goods is not bound to contribute his proportion of the price which the

Eastern District, repairs were made. This we think an error for which the
  February 1831.  judgment must be reversed. The defendant is responsible
TEETZMAN  for his proportion of the value the masts had after they were
  *vs.*  broken by the storm, and at the time they were cut away.
CLAMAGERAN.

new masts cost, he
is only responsible
for his proportion
of the value the
masts had after
they were broken
by the storm and
at the time they
were cast away.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled; and it is further ordered, that this cause be remanded to the District Court with directions to be proceeded in according to law. The appellees paying the costs of this appeal.